IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CANDACE C. NICHOLS**, ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **CV-07-BE-2250-S** |
| ] | |
| **280 Z GROUP, INC., et al.,** ] | |
| ] | |
| **Defendants.** ] | |

### MEMORANDUM OPINION

This cause comes before the court on the motion to dismiss Plaintiff Candace C. Nichols' claims for injunctive relief (doc. 3), filed by Defendants Chicken Scratch at Valleydale, Inc. and Chicken Scratch at Lee Branch, Inc. For the reasons stated below, the court will GRANT Defendants' motion and will DISMISS Plaintiff's claims for injunctive relief.

### I. RELEVANT BACKGROUND

On December 13, 2007, Nichols filed a complaint in this court against Defendants and two entities yet to be served. Nichols alleged that she made credit card purchases at restaurants owned and operated by Defendants on June 22, 2007, June 28, 2007, and December 4, 2007. Nichols alleged that the electronically printed receipts she received on those dates included the expiration date of her credit card, allegedly in violation of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"). Nichols, on behalf of herself and all similarly situated customers, requested statutory damages, costs, attorneys' fees, and "[a] permanent injunction enjoining Defendants from engaging in conduct in violation of the requirements set forth in FACTA."

On March 24, 2008, Defendants filed the current motion to dismiss.  The sole issue raised by Defendants' motion is whether injunctive relief is available to private litigants under FACTA.  The court ordered Plaintiff to show cause by April 4, 2008 why Defendants' motion should be granted.  To date, Plaintiff has failed to respond in any way.

## II.  DISCUSSION

On December 3, 2003, Congress amended the Fair Credit Reporting Act ("FCRA") by enacting FACTA.  Among other things, FACTA prohibits merchants from "print[ing] more than the last five digits of the [credit or debit] card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."  15 U.S.C. § 1681c(g)(3).  FACTA included a phase-in procedure for compliance, but all retailers were to be in compliance no later than December 4, 2006.

The FCRA provides for civil liability for willful failure to comply with FACTA.  15 U.S.C. § 1681n(a).  The statute expressly provides for three types of damages for private litigants: (1) actual damages for negligent and willful violations; (2) statutory damages from $100 to $1000 for each willful violation, even if the plaintiff suffered no actual damages; and (3) punitive damages for willful violations.  The FCRA also allows private litgants recovery of attorneys' fees and costs.  In addition, the statute expressly authorizes the Federal Trade Commission to obtain injunctive relief.  *See* 15 U.S.C. § 1681s(a)(1).

Generally, the court retains its inherent equitable power to grant injunctive relief unless otherwise provided by statute.  *Califano v. Yamasaki*, 442 U.S. 682, 705 (1979).  The implication of such a holding is that Congress may alter this presumption.  In determining whether Congress has so limited the powers of the court, a common principle of statutory construction admonishes: "When a statute limits a thing to be done in a particular mode, it includes the negative of any

other mode." *Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974). Stated differently, where a statute expressly provides certain remedies, the court should not expand the statute to include other remedies. *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979).

The Fifth Circuit Court of Appeals is the only court of appeals to date that has applied these principles to the FCRA. The Fifth Circuit Court of Appeals concluded that the FCRA does not provide private litigants a right to injunctive relief, reasoning that

> the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC.

*Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000), *cert. denied*, 530 U.S. 1261 (2000). The Court of Appeals noted that this conclusion was supported by the subsequently-enacted § 1861u, which expressly allows private injunctive relief in suits against the government for improperly obtaining consumer information for counterintelligence purposes. *Washington*, 199 F.3d at 269. "Thus," the Court of Appeals stated, "where Congress intended to allow private injunctive relief under the FCRA, it expressly stated that this relief was available. This language would be unnecessary if injunctive relief were otherwise available." *Id.*

This court also notes that the Fifth Circuit Court of Appeals cited to an "analogous" Eleventh Circuit case, in which this Circuit's Court of Appeals stated in *dicta* that equitable relief is unavailable under the Fair Debt Collection Practices Act ("FDCPA"), which contains a civil liability provision similar to that of the FCRA. *See Washington*, 199 F.3d at 268 n. 4 (citing *Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982)).

Numerous district courts, citing to *Washington*, have recognized that the FCRA does not permit claims for injunctive relief by private litigants.  *See, e.g.*, *Jones v. Sonic Automotive, Inc.*, 391 F. Supp. 2d 1064, 1065 (M.D. Ala. 2005); *Varricchio v. Capital One Serv., Inc.*, 2007 WL 917226, at *2 (S.D. Fla. Mar. 23, 2007); *Holmes v. Telecheck Int'l, Inc.*, 2008 WL 118064, at *26 (M.D. Tenn. Jan. 10, 2008); *Betts v. Commonwealth of Va.*, 2007 WL 515406, at *5 (E.D. Va. Feb. 2, 2007); *but see Crabill v. TransUnion, LLC*, 259 F.3d 662, 664 (7th Cir. 2001) (mentioning in *dicta*, without meaningful analysis, that private litigants may be able to pursue injunctive relief under the FCRA).  Because FACTA is part of the FCRA and therefore subject to the same remedies, it is no great leap of logic to conclude that a private litigant may not obtain injunctive relief for violations of FACTA.  *See Ramirez v. MGM Mirage, Inc.*, 524 F. Supp. 2d 1226, 1236-37 (D. Nev. 2007) (applying the rationale of *Washington* to strike plaintiff's request for injunctive relief under FACTA); *Miller v. Sunoco, Inc.*, 2008 WL 623806, at *3 (E.D. Pa. Mar. 4, 2008) (same).

This court agrees with the Fifth Circuit Court of Appeals and those district courts that have adopted its reasoning.  By not expressly providing the right to injunctive relief for private litigants while at the same time explicitly allowing the FTC injunctive relief, Congress has made clear its intent to limit the relief available for violations of the FCRA, and, by implication, FACTA.  As § 1681u indicates, Congress certainly knows how to unambiguously give private litigants the right to obtain injunctive relief when it so desires.  Accordingly, Plaintiff cannot maintain her claims for injunctive relief under FACTA.

### IV.  CONCLUSION

For the reasons stated above, the court concludes that injunctive relief is not available to private litigants in cases under FACTA, which is a part of the FCRA.  Consequently, the court

will GRANT Defendants' motion and will DISMISS Plaintiff's claims to the extent Plaintiff seeks injunctive relief. Plaintiff's remaining claims will proceed. The court will enter a separate order consistent with this memorandum opinion.

DATED this 10th day of April, 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE